IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-1772-RPM

JOSEPH O'TOOLE,

      Plaintiff,

v.

INFOR ENTERPRISE SOLUTIONS HOLDINGS, INC.,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon consideration of the stipulation of the Plaintiff and Defendant for a Protective Order, as reflected by their signatures below, which Protective Order concerns information and documents disclosed and produced during this litigation, and which the parties contend is proprietary and/or confidential and based upon the parties' joint representation to the Court that sufficient cause exists for the issuance of a Protective Order,

**IT IS HEREBY ORDERED**:

1.      Any document produced, exchanged or obtained by any party to this action, or any party's legal counsel, and any information contained in responses to interrogatories or requests for admission, or in any other discovery, including but not limited to deposition testimony and deposition exhibits, which a party in good faith believes is confidential and/or proprietary, including (without limitation) personnel or medical information and information relating to the identity of Defendant's customers and such customers' contact information and sales history, or information the party is required to treat as confidential by Federal, State or local law, may be designated in writing as "confidential," and all documents and information so designated and all copies as "Confidential Information," shall be treated as confidential and shall not be disclosed by counsel, any party consulting or testifying on behalf of a party, experts, or

witnesses except as provided in this Order; PROVIDED, however, that counsel for the party designating a document or other information as Confidential Information may, in writing and without Court approval, release any document or information designated as Confidential Information from the requirements of this Order.

2.       As used in this Protective Order, the term "document" shall have the same meaning as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.       Confidential Information shall not be disclosed or used for any purpose, except as directly related to this case, including any appeals, and any related alternative dispute resolution proceedings.

4.       Confidential Information shall not be provided or disclosed to, or used by, any person or entity without the prior written consent of the party designating the document or information as Confidential Information, or further Order of the Court; PROVIDED, however, that Confidential Information provided or disclosed to the following persons for use solely in connection with this action shall be permitted under the following conditions:

(a)       attorneys actively working on this case;

(b)       persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in or related to this case;

(c)       the parties, and representatives for the entity Defendant on a need-to-know basis;

(d)       the Court and its employees ("Court Personnel");

(e)       stenographic reporters who are engaged in their official capacity at any hearing, deposition or other proceeding in this action;

(f)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in or related to this case;

(g)     deponents, witnesses, or any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial (a "potential witness"); PROVIDED, that a potential witness shall be shown only such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by the potential witness; and

(h)     other persons by written agreement of the parties.

5.     Prior to providing or disclosing Confidential Information to any individual and entity identified in subparagraphs 4(f)-(h), above, counsel shall provide the individual or entity with a copy of this Protective Order and obtain from the individual or the entity's authorized representative a signed written acknowledgment containing:  (1) a recital that the individual has read and understands this Order, and agrees to be bound by its terms; (2) a recital that the individual understands that unauthorized disclosure or production of Confidential Information may constitute contempt of court; and (3) a statement that the individual consents to the exercise of personal jurisdiction by the Court for the purposes of enforcement of this Order.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     A document or other information shall be designated as Confidential Information by placing or affixing on it, in a manner that will not interfere with legibility, the following or other appropriate notice: "CONFIDENTIAL," or by a cover letter designating the document or other information as Confidential Information and identifying the document or other information by a BATES or other document control number.

7. Whenever a deposition, hearing or other proceeding involves the disclosure of Confidential Information, the Confidential Information to be discussed at the deposition, hearing, or other proceeding, shall be designated on the Record as Confidential Information, and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition, hearing or other proceeding whenever possible, but a party may designate portions of the transcript of a deposition, hearing or other proceeding as Confidential Information after transcription; PROVIDED, written notice of the designation is promptly given in writing to all counsel of record within sixty (60) days (or longer, if mutually agreed to by the parties) after notice by the stenographic reporter of the completion of the transcript.

8. A party may object to the designation of a document or other information as Confidential Information by giving written notice to the party designating the document or other information as Confidential Information. The written notice shall identify the information to which the objection is made, and the ground(s) for the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party opposing the designation of the document or other information as Confidential Information may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.

9. Subject to the Federal Rules of Evidence, documents or other information designated as Confidential Information may be offered in evidence at a trial or any related Court proceeding; PROVIDED, that the proponent of the evidence gives five (5) business days' advance

notice to counsel for the party or other person that the proponent intends to offer the confidential document or information. Identification of the document or information on an exhibit list and/or in a trial management order or other such document shall constitute sufficient notice under this provision. If, under the circumstances, it is impossible for the proponent of the evidence to give five (5) business days' advance notice, the proponent shall give as much advance notice as is possible under the circumstances. No such notice shall be required for motions to the Court, provided that any confidential information filed shall be filed under seal as discussed herein. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial or related proceeding. Any transcripts of testimony or oral argument at trial or a related proceeding, which involve the disclosure of Confidential Information, shall be confidential and shall be filed under seal pursuant to the terms of this Order. Transcripts of depositions that involve the disclosure of any Confidential Information may be introduced at trial or any related proceeding, but should otherwise be filed under seal.

10. When this litigation has been fully decided, including completion of all possible appellate court procedures, any Confidential Information protected by this Order shall be destroyed or preserved by counsel in a manner which is fully consistent with the spirit of the Protective Order, and upon request, counsel for each party shall provide a written representation from their respective clients to the other attesting that the parties have not retained and have destroyed any Confidential Information in their possession. At the end of litigation, counsel will

not be required to return the material, and may retain material as required by their own policies and those of their insurance carriers.

11. The provisions of this Order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at trial or any related proceeding.

12. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

13. Any party may at any time and for any reason seek modification of this Protective Order.  This Protective Order can be modified only by written agreement of the parties or by Order of this Court.  Each party has the right to object to a party's motion or request to modify this Protective Order.

14. The parties expressly agree that because damages for violation of this Protective Order may be hard to determine, either party may enforce this Protective Order through Specific Performance or Injunctive Relief, and an award of damages as appropriate.  The foregoing remedies are in addition to the Court's authority to impose sanctions for contempt of Court or otherwise.

15. In addition to any sanctions or other relief that may be ordered by the Court for violation of this Order, the Court may, in its discretion, award attorneys' fees, costs and expenses.

586717-2

DONE this 3rd day of December, 2008.

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge

Dated: _____        Dated: _____

s/ Laura J. Hazen _____        s/Steven D. Weatherhead _____
Laura J. Hazen                            Steven D. Weatherhead
Stefania C. Scott                         Bello Black & Welsh LLP
Ireland Stapleton Pryor & Pascoe, PC      699 Boylston Street
1675 Broadway, Suite 2600                 One Exeter Plaza, 10th Floor
Denver, CO 80202                          Boston, MA 02116
303-623-2700                              617-247-0670
*Attorneys for Plaintiff*

                                          /s/ John C. Lowrie _____
                                          John C. Lowrie
                                          Ford & Harrison LLP
                                          1675 Broadway, Suite 2150
                                          Denver, Colorado 80202
                                          (303) 592-8866
                                          jlowrie@fordharrison.com

                                          *Attorneys for Defendant*

586717-2