IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-1772-RPM

JOSEPH O'TOOLE,

     Plaintiff,

v.

INFOR ENTERPRISE SOLUTIONS HOLDINGS, INC.,

     Defendant.

_____

## AMENDED STIPULATED PROTECTIVE ORDER
_____

     Upon consideration of the stipulation of the Plaintiff and Defendant for an Amended Protective Order, as reflected by their signatures below, which Amended Protective Order concerns information and documents disclosed and produced during this litigation, and which the parties contend is proprietary and/or confidential and based upon the parties' joint representation to the Court that sufficient cause exists for the issuance of an Amended Protective Order,

**IT IS HEREBY ORDERED**:

1.    Any document produced, exchanged or obtained by any party to this action, or any party's legal counsel, and any information contained in responses to interrogatories or requests for admission, or in any other discovery, including but not limited to deposition testimony and deposition exhibits, which a party in good faith believes is confidential and/or proprietary, including (without limitation) personnel or medical information and information relating to the identity of Defendant's customers and such customers' contact information and sales history, or information the party is required to treat as confidential by Federal, State or local law, may be designated in writing as "confidential," and all documents and information so designated as "Confidential Information," shall be treated as confidential and shall not be disclosed by counsel, any party consulting or testifying on

behalf of a party, experts, or witnesses except as provided in this Order; PROVIDED, however, that

counsel for the party designating a document or other information as Confidential Information may,

in writing and without Court approval, release any document or information designated as

Confidential Information from the requirements of this Order.

2.      As used in this Protective Order, the term "document" shall have the same meaning as

provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the

meaning of this term.

3.      Confidential Information shall not be disclosed or used for any purpose, except as directly

related to this case, including any appeals, and any related alternative dispute resolution proceedings.


4.      Confidential Information shall not be provided or disclosed to, or used by, any person or

entity without the prior written consent of the party designating the document or information as

Confidential Information, or further Order of the Court; PROVIDED, however, that Confidential

Information provided or disclosed to the following persons for use solely in connection with this

action shall be permitted under the following conditions:

      (a)      attorneys actively working on this case;

      (b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in or related to this case;

      (c)      the parties, and representatives for the entity Defendant on a need-to-know basis;

      (d)      the Court and its employees ("Court Personnel");

      (e)      stenographic reporters who are engaged in their official capacity at any hearing, deposition or other proceeding in this action;

      (f)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in or related to this case;

(g)     deponents, witnesses, or any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial (a "potential witness"); PROVIDED, that a potential witness shall be shown only such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by the potential witness; and

(h)     other persons by written agreement of the parties.

5.      Prior to providing or disclosing Confidential Information to any individual and entity identified in subparagraphs 4(f)-(h), above, counsel shall provide the individual or entity with a copy of this Amended Protective Order and obtain from the individual or the entity's authorized representative a signed written acknowledgment containing: (1) a recital that the individual has read and understands this Order, and agrees to be bound by its terms; (2) a recital that the individual understands that unauthorized disclosure or production of Confidential Information may constitute contempt of court; and (3) a statement that the individual consents to the exercise of personal jurisdiction by the Court for the purposes of enforcement of this Order. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      A document or other information shall be designated as Confidential Information by placing or affixing on it, in a manner that will not interfere with legibility, the following or other appropriate notice: "CONFIDENTIAL," or by a cover letter designating the document or other information as Confidential Information and identifying the document or other information by a BATES or other document control number.

7.      Whenever a deposition, hearing or other proceeding involves the disclosure of Confidential Information, the Confidential Information to be discussed at the deposition, hearing, or other proceeding, shall be designated on the Record as Confidential Information, and shall be subject to the

provisions of this Amended Protective Order. Such designation shall be made on the record during

the deposition, hearing or other proceeding whenever possible, but a party may designate portions of

the transcript of a deposition, hearing or other proceeding as Confidential Information after

transcription; PROVIDED, written notice of the designation is promptly given in writing to all

counsel of record within sixty (60) days (or longer, if mutually agreed to by the parties) after notice

by the stenographic reporter of the completion of the transcript.

8.      A party may object to the designation of a document or other information as Confidential

Information by giving written notice to the party designating the document or other information as

Confidential Information. The written notice shall identify the information to which the objection is

made, and the ground(s) for the objection. If the parties cannot resolve the objection within ten (10)

business days after the time the notice is received, the party opposing the designation of the

document or other information as Confidential Information may file an appropriate motion requesting

that the Court determine whether the disputed information should be subject to the terms of this

Amended Protective Order. The disputed information shall be treated as Confidential Information

under the terms of this Amended Protective Order until the Court rules on the motion.

9.      The parties recognize that, due to the volume of documents and information sought, it may

not be possible to conduct a complete review of the documents and information prior to their

production. Pursuant to F.R.E. 502, inadvertent disclosure of documents or information that are

protected from disclosure under attorney-client privilege, work-product immunity, and/or any other

applicable privilege or immunity shall not constitute a waiver of, or an estoppel as to any claim of,

such privilege or immunity. If the producing party at any time notifies the receiving party in writing

that it has inadvertently produced such documents or information, the receiving party shall return all

copies of such documents or information to the producing party within seven (7) calendar days of

4

receipt of such notice, and shall not further use such items for any purpose until further order of the

Court or agreement with the producing party. In addition, to the extent the receiving party identifies

any documents or information, or portions thereof, that the receiving party has reason to believe are

protected from disclosure under attorney-client privilege, work-product immunity, and/or any other

applicable privilege or immunity, the receiving party shall notify the producing party in writing

within five (5) calendar days of identification of such information. If the producing party determines

that such documents or information identified by the receiving party are so protected, the producing

party may notify the receiving party in writing within five (5) calendar days that it has inadvertently

produced such documents or information, and the receiving party shall return all copies of such

documents or information to the producing party within five (5) calendar days of receipt of such

notice, and shall not further use such documents or information for any purpose until further order of

the Court or agreement with the producing party. In all cases, the receiving party shall take necessary

steps to obtain all copies of such documents or information from all persons to whom the documents

or information have been disseminated pursuant to the terms of this Agreement and return such

documents or information to the producing party.

10.     The inadvertent failure to designate documents or other information as Confidential

Information at the time of production shall not constitute a waiver of such claim, and such failure

may be remedied by the producing party by notifying the receiving party of the proper designation in

a timely manner, whereupon all documents or information so re-designated shall be fully subject to

the appropriate confidentiality restrictions in this Agreement (subject at all times to the procedures set

forth in paragraph 8 hereof).

11.     Subject to the Federal Rules of Evidence, documents or other information designated as

Confidential Information may be offered in evidence at a trial or any related Court proceeding;

PROVIDED, that the proponent of the evidence gives five (5) business days' advance notice to counsel for the party or other person that the proponent intends to offer the confidential document or information. Identification of the document or information on an exhibit list and/or in a trial management order or other such document shall constitute sufficient notice under this provision. If, under the circumstances, it is impossible for the proponent of the evidence to give five (5) business days' advance notice, the proponent shall give as much advance notice as is possible under the circumstances. No such notice shall be required for motions to the Court, provided that any confidential information filed shall be filed under seal as discussed herein. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial or related proceeding. Any transcripts of testimony or oral argument at trial or a related proceeding, which involve the disclosure of Confidential Information shall be confidential and shall be filed under seal pursuant to the terms of this Order. Transcripts of depositions that involve the disclosure of any Confidential Information may be introduced at trial or any related proceeding, but should otherwise be filed under seal.

12.     When this litigation has been fully decided, including completion of all possible appellate court procedures, any Confidential Information protected by this Order shall be destroyed or preserved by counsel in a manner which is fully consistent with the spirit of the Amended Protective Order, and upon request, counsel for each party shall provide a written representation from their respective clients to the other attesting that the parties have not retained and have destroyed any Confidential Information in their possession. At the end of litigation, counsel will not be required to return the material, and may retain material as required by their own policies

6

and those of their insurance carriers.

13.     The provisions of this Order shall not limit the parties' ability to make full use of otherwise admissible Confidential Information at trial or any related proceeding.

14.     The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

15.     Any party may at any time and for any reason seek modification of this Amended Protective Order. This Amended Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party has the right to object to a party's motion or request to modify this Amended Protective Order.

16.     The parties expressly agree that because damages for violation of this Amended Protective Order may be hard to determine, either party may enforce this Amended Protective Order through Specific Performance or Injunctive Relief, and an award of damages as appropriate. The foregoing remedies are in addition to the Court's authority to impose sanctions for contempt of Court or otherwise.

17.     In addition to any sanctions or other relief that may be ordered by the Court for violation of this Order, the Court may, in its discretion, award attorneys' fees, costs and expenses.

DONE this 16th, day of April, 2009

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

Dated: 4/16/2009                           Dated: 4/16/2009

s/Laura J. Hazen                           s/Steven D. Weatherhead
Laura J. Hazen                             Steven D. Weatherhead
Stefania C. Scott                          Bello Black & Welsh LLP
Ireland Stapleton Pryor & Pascoe, PC       699 Boylston Street
1675 Broadway. Suite 2600                  One Exeter Plaza, 10th Floor
Denver, CO 80202                           Boston, MA 02116
303-623-2700                               617-247-0670
*Attorney for Plaintiff*

                                           /s/ John C. Lowrie
                                           John C. Lowrie
                                           Ford & Harrison LLP
                                           1675 Broadway, Suite 2150
                                           Denver, Colorado 80202
                                           (303) 592-8866
                                           Jlowrie@fordharrison.com

                                           *Attorneys for Defendant*

8